NOT DESIGNATED FOR PUBLICATION

No. 123,879

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

AMANDA SUE WILROY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Riley District Court; KENDRA LEWISON, judge. Opinion filed December 23, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: Amanda Sue Wilroy appeals the district court's order revoking her probation and sending her to prison. We granted Wilroy's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Because we find no error of fact or law and see no abuse of discretion by the court, we affirm.

*Sentenced for a felony, Wilroy is placed on probation, sanctioned, and then sent to prison.*

Wilroy entered a no-contest plea to one count of theft, a severity level 9 nonperson felony, in violation of K.S.A. 2019 Supp. 21-5801(a)(1), (b)(6). The court sentenced her

1

to 9 months in prison but granted her a dispositional departure sentence to 12 months' probation. So, instead of sending her to prison, the court placed Wilroy on probation.

Her probation term was marred by several violations. Wilroy stipulated to violating her probation in October 2020 by missing scheduled urine analysis tests. For this violation the district court ordered her to serve a two-day jail sanction.

In March 2021, Wilroy admitted to violating her probation by using drugs and missing a scheduled urine analysis test. But, according to the transcript of the hearing, the court received information about two other cases. In those cases, Wilroy was placed on probation after being sentenced in this case.

So, Wilroy asked the court to impose a two- or three-day intermediate jail sanction in each case, to be served consecutively, and then reinstate her probation. After clarifying that Wilroy already served a two-day sanction in this case—but not the other two cases— the district court revoked Wilroy's probation in this case and ordered her to serve her nine-month prison sentence after serving a two-day jail sanction in the other cases. The court decided it had no authority to send her to prison for the other cases because she had not yet served an intermediate sanction in those two cases.

Once a probation violation is established, the decision to revoke probation rests within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Thus, we review such a decision for an abuse of discretion. A judicial action constitutes an abuse of discretion if

- it is arbitrary, fanciful, or unreasonable;
- it is based on an error of law; or
- it is based on an error of fact.

*State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Wilroy bears the burden of showing an abuse of discretion. See *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

Wilroy does not challenge her probation violations in this appeal. After all, she admitted them in district court. Similarly, beyond stating the district court abused its discretion, Wilroy does not point to any errors of fact or law in the court's decision to revoke her probation.

We recognize that the district court's authority to revoke probation is controlled by K.S.A. 2019 Supp. 22-3716. According to that statute, the district court needed to impose a series of graduated intermediate sanctions before revoking probation, subject to certain exceptions. K.S.A. 2019 Supp. 22-3716(c). In particular, the court could impose either a 2- or 3-day intermediate sanction, with an upward maximum threshold of 18 total days during the period of supervision. K.S.A. 2019 Supp. 22-3716(c)(1)(B). But if a court had previously imposed such a sanction, the court could revoke probation and order the offender to serve the sentence imposed.

The district court here had the legal authority to revoke Wilroy's probation based on the admitted violations. The record shows that Wilroy repeatedly violated her probation by missing scheduled urine analysis tests and using illegal drugs. Wilroy seems to disagree with the court's decision to revoke her probation in this case but impose an intermediate sanction in the two other cases based on the same admitted violations. Yet this is a legally permissible disposition in this case because she violated her probation and the court had previously imposed intermediate sanctions.

Wilroy has failed to show us that the district court abused its discretion in revoking her probation and remanding her to prison.

Affirmed.